# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RONALD R. BRATTON,

        Plaintiff,

vs.                                                                           No. CIV 04-74 JB/RLP

CITY OF ALBUQUERQUE,
a Municipal Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Attorney's Fees and Costs, filed July 6, 2004 (Doc. 29). The primary issue is whether the Defendant City of Albuquerque is a prevailing party under the Civil Rights Attorney's Fees Act, 42 U.S.C. § 1988(b). Because the Plaintiff Ronald R. Bratton voluntarily dismissed his federal claims, and because there was not a judicial determination on the merits, the Court will deny the City's motion.

## FACTUAL BACKGROUND

On January 20, 2004, Bratton filed his Complaint for Declaratory Judgment and Motion for Temporary Restraining Order in the Second Judicial District, New Mexico state court. Bratton's Complaint alleged twelve different counts, eight of which alleged claims under the United States Constitution, one of which alleged a federal statutory claim, and three of which alleged state law claims. Bratton filed the following briefs in this case: (i) M[em]orandum of Law in Support of Motion for Preliminary Injunction and Request for Declaratory Judgement on the Merits, filed March 3, 2004 (Doc. 7); (ii) Petitioner's Objection to Dismiss Counts 1 through 3 and 6 through 12 of the Complaint for Declaratory Judgment, filed May 26, 2004 (Doc. 17); and (iii) Response to

Defendant's Motion for Summary Judgment on Counts 4 and 5, filed May 24, 2004 (Doc. 22).

On February 6, 2004, after Bratton filed his complaint, the City's counsel, Robyn Hoffman, advised Bratton that the City would not terminate him from his position as Assistant City Attorney unless and until he filed his nomination papers with the County Clerk. See Affidavit of Stephen G. French ¶ 8, at 2 (executed July 6, 2004). On April 7, 2004, and on April 9, 2004, in connection with the preparation of the initial Pretrial Report and the Rule 16 Scheduling Conference, Hoffman personally advised Bratton of the lack of legal support for his federal claims, and requested that he drop the allegedly groundless federal claims and focus on the state law claims. Bratton advised Hoffman that he would think about this request and get back to her. See Second Affidavit of Robyn Hoffman ¶ ¶ 2-3, at 1-2 (executed August 2, 2004).

On April 19, 2004, Hoffman initiated a telephone call to Bratton, because Bratton had failed to notify her of his decision on the federal claims. Hoffman left a message asking for Bratton's decision to drop his federal claims before the City had to prepare its opposition to the Plaintiff's Motion for Preliminary/Permanent Injunction and before the City initiated its Motion for Summary Judgment on the Equal Protection claim. Thus, the City's counsel requested Bratton to withdraw the federal claims during the joint preparation of the Initial Pretrial Report, at the Rule 16 Scheduling Conference, and before the beginning of its briefing on any of the dispositive motions except on the Memorandum in Support of Defendants' Motion to Dismiss. See id. ¶ ¶ 4-5, at 2.

Bratton represents that he informed defense counsel that he was not going to pursue the constitutional claims. See Plaintiff's Response Brief on Defendant's Motion for Attorney Fees and Costs at 11, filed July 20, 2004 (Doc. 31). Bratton states that all parties knew that the federal claims were going to be dismissed in June 2004. See id.

The parties fully briefed the City's motion to dismiss ten of the twelve claims, Bratton's motion for an injunction and declaratory relief, and the City's motion for summary judgment on two claims. The Court held a hearing on the motions on June 2, 2004. At that hearing, but after the parties had prepared for oral argument and had appeared in court for oral argument on these dispositive motions, the Court asked whether Bratton wanted to dismiss his federal claims and return to state court:

> Mr. Bratton, you might just want to dismiss all your federal claims and proceed -- and I remand the case to state court, and you proceed with your state -- local declaratory judgment and injunctive relief in state court. With that thought, I'll ask you if that is something you would like to do, is voluntarily dismiss your federal claims. If not, then we'll proceed with the motions that are here.

Transcript at 2:3-10.

As indicated in the Court's Memorandum Opinion and Order at 1, filed June 2, 2004 (Doc. 27), Bratton then moved to dismiss all of his federal claims: "As I said in my original motion, I don't believe this is the proper court for this case, and I've never believed this court was the correct court. I am willing to voluntarily -- at this point, voluntarily dismiss all the federal claims against the City." Id. at 2:18-22.

The City did not oppose this motion. The Court stated: "I assume the motion to dismiss all the federal claims is unopposed by the City. Am I correct?" Id. at 23-24. Counsel for the City replied: "Yes, Your Honor." Id. at 2:25.

In the Memorandum Opinion and Order, the Court ordered "[t]he case and all remaining claims are remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico." Memorandum Opinion and Order at 3 ( Doc. 27). On June 8, 2004, the Court entered final judgment adjudicating all existing federal claims and liabilities of the parties in favor of the City,

dismissing all federal claims with prejudice, and remanding this case to the Second Judicial District Court, County of Bernalillo, New Mexico. See Final Judgment, filed June 8, 2004 (Doc. 28).

On June 8, 2004, Bratton sent the City an inspection of public records request. The City did not receive the request until June 15, 2004. See Letter from Robyn Hoffman to Ronald Bratton at 1 (June 17, 2004). According to Hoffman's billing sheet, she spoke with Mark Shoesmith, Assistant City Attorney, on June 17, 2004, to coordinate the City's response to Bratton's public records request. On June 23, 2004, Hoffman contacted Randy Autio, Assistant City Attorney, concerning attorney fees. On June 24, 2004, Hoffman spoke with her colleague, Stephen G. French, regarding attorney fees, and on June 28, 2004, she researched § 1988 fees.

The City represents that it incurred $17,696.44 in attorney's fees through July 1, 2004, not including fees in connection with this motion. The City represents that it incurred $15,752.13 of its fees in connection with the defense against Bratton's federal law claims. According to Hoffman, she records the time spent on an activity immediately after she concludes the activity. See Hoffman Aff. ¶ 7, at 2.

The billing statements do not indicate that either Hoffman or French contacted Bratton to seek his concurrence at least three days before filing this motion. On July 6, 2004, the City filed the Motion for Attorney Fees with the Court. The motion does not recite that it sought or obtained Bratton's position on the motion.

The City moves the Court for an award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988 and D.N.M. LR-Civ. 56.5(a), and for an award of taxable costs pursuant to 28 U.S.C. § 1920, rule 54(d) of the Federal Rules of Civil Procedure, and D.N.M.LR-Civ. 54.1. The City submits the affidavits of Hoffman and Stephen G. French, the highlighted billing

statements, and a chart of fees and costs it attributes to the defense of the federal claims.

## LOCAL RULE 7.4

Rule 7.4(a) of the Local Civil Rules of the United States District Court, District of New Mexico provides:

> **7.4 Opposed Motions Where Any Party Appears *Pro S*e.**
> **(a)** Movant must request concurrence of each party, at least three (3) working days before filing a motion. Movant must recite that concurrence was refused or explain why concurrence could not be obtained. A motion that omits recitation of a good-faith request for concurrence may be summarily denied.

## ATTORNEYS FEES

Under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988(b), a "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" in actions under 42 U.S.C. § 1983. The statute does not distinguish between prevailing plaintiffs and defendants. The Supreme Court of the United States, however, has indicated that attorney's fees should rarely be awarded against plaintiffs. See Hughes v. Rowe, 449 U.S. 5, 15 (1988). A defendant must meet a stringent standard before a court may award attorney's fees to a prevailing defendant. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978).

An award of attorney's fees is permitted "only when a party has prevailed on the merits." Hanrahan v. Hampton, 446 U.S. 754, 758 (1980). The fact that a court dismisses a complaint does not, without more, entitle the prevailing defendant to attorney's fees. See Hughes v. Rowe, 449 U.S. at 15; Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995). Several courts have addressed whether a defendant prevails when a plaintiff voluntarily dismisses the action with prejudice. See Dean v. Riser, 240 F.3d 505 (5th Cir. 2001); Marquat v. Lodge 837, 26 F.3d 842 (8th Cir. 1994); Easily v. Norris, 107 F. Supp. 2d 1332 (N.D. Ok. 2000); Hughes v. Unified School Dist. #330, 372

F. Supp. 882 (D. Kan. 1994). In <u>Marquat v. Lodge 837</u>, the United States Circuit Court of Appeals for the Eighth Circuit addressed whether the defendant prevailed when the plaintiff voluntarily dismissed her complaint with prejudice.[1] <u>See</u> 26 F.3d 842 (8th Cir. 1994). The Eighth Circuit explained that a defendant was not a prevailing party unless it benefitted from a judicial determination on the merits of the case. <u>See</u> <u>id</u>. at 852. The Eighth Circuit noted:

> [The plaintiff's] decision to withdraw her complaint voluntarily was a matter of litigation strategy. It is often very difficult to prove hostile work environment cases. The decision to withdraw a complaint with prejudice and to pursue state law claims instead is a legitimate litigation strategy. [The plaintiff] "should not be penalized for doing precisely what she should have done. To award attorney's fees under these facts would undermine the direction of Congress that private Title VII plaintiffs are the chosen instrument for the enforcement of the civil rights laws. The court would create a disincentive to the enforcement of civil rights laws if Title VII plaintiffs were required to risk attorney's fees upon discovery that [the case] posed insurmountable problems of proof."

<u>Id</u>. (quoting <u>Westmoreland v. J.I. Case Co</u>., 714 F. Supp. 397, 398 (E.D.Wis. 1989)). The Eighth Circuit recognized a potential exception -- where a defendant could be a prevailing party if the defendant could prove that the plaintiff dismissed the suit to avoid an adverse judicial determination -- but found no evidence that the plaintiff withdrew her complaint to escape disfavorable judicial determination. <u>See</u> <u>id</u>. The Eighth Circuit concluded that the defendant in that case was not a prevailing party because the plaintiff voluntarily withdrew her complaint before a judicial determination on the merits. <u>See</u> <u>id</u>.

Similarly, in <u>Dean v. Riser</u>, 240 F.3d 505 (5th Cir. 2001), the plaintiffs voluntarily moved to dismiss their claims with prejudice. The United States District Court of Appeals for the Fifth Circuit held that "a defendant is not a prevailing party within the meaning of § 1988 when a civil rights

---

[1] <u>Marquat v. Lodge 837</u> involved an award of attorney's fees pursuant to § 706(k) of the Civil Rights Act of 1964. <u>See</u> 26 F.3d at 844.

plaintiff voluntarily dismisses his claim, unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits." Dean v. Riser, 240 F.3d at 511. The Fifth Circuit explained that many circumstances influence a plaintiff's decision to voluntarily dismiss a claim with prejudice and, in fact, dismissing a claim may be the prudent thing to do. The Fifth Circuit concluded: "[t]o hold that in such circumstances the defendant necessarily prevails would penalize the plaintiff for doing precisely what should be done. In addition, potential plaintiffs' resulting fear of an increased risk of being assessed attorney's fees 'would create a disincentive to the enforcement of civil rights laws.'" Id. at 510 (quoting Marquat v. Lodge 837, 26 F.3d at 852)(citations omitted).

Because § 1988(b) provides that the court may allow attorney's fees to the prevailing party "in its discretion," an award of attorney's fees to the prevailing party is not automatic. "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Jane L. v. Bangerter, 61 F.3d at 1513 (citing Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

## ANALYSIS

The City contends that, in the three briefs that Bratton filed with the Court, he argued facts and theories which he did not allege in the Complaint, provided no legal authorities in support of the majority of his claims, relied upon irrelevant legal authorities, offered argument contrary to common sense, misrepresented facts, did not submit proper evidence in support of his Motion for Preliminary Injunction and of his opposition to summary judgment, and, in many cases, did not respond to many of the City's arguments in its briefs. The City contends that Bratton's federal law claims were groundless, frivolous, and unreasonable from the lawsuit's initiation, and that Bratton continued to

litigate after it became clear that they were groundless. The City contends that, had Bratton agreed to drop the federal claims on April 19, 2004, the City would not have needed to develop factual issues, to obtain affidavits of current and former City employees, and to conduct further research and briefing.

## I. THE CITY PROPERLY FILED THIS MOTION IN FEDERAL COURT.

Bratton contends that the City should have filed this motion in state court. Bratton argues that, once the Court ordered the case and all remaining claims remanded to the district court, and issued a final judgment remanding the case, this Court lacks jurisdiction to hear this motion. Bratton contends that this case has been in the Second Judicial District Court since June 8, 2004 and that the City should thus have filed this motion in state court. Bratton requests that the Court dismiss the motion with prejudice for filing in the wrong court.

Although the Court no longer has jurisdiction over the dismissed claims, the court retains jurisdiction over attorney's fees already incurred. See Dahlem v. Bd. of Edu.of Denver Public Schools, 901 F.2d 1508 (10th 1990))("The expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred."); Grynberg v. Praxair, Inc., 2004 WL 258092 (10th Cir. Nov. 15 2004)(holding that jurisdiction over attorney's fees existed when the underlying claim had been dismissed for lack of subject matter jurisdiction). Because the City properly filed this motion in federal court, the Court will address the issues that it raises.

## II. THE CITY'S COUNSEL DID NOT SEEK THE PRO SE PLAINTIFF'S CONSENT BEFORE FILING ITS MOTION FOR COSTS AND ATTORNEY FEES.

Bratton believes that his exercise of his state right to inspect public records motivated the City's decision to seek attorney fees. The Court need not decide that issue on this motion, however.

Local rule 7.4 required the City either to recite in its motion that concurrence was refused or to explain why it did not obtain concurrence. The City failed to do so. The Court will thus deny the City's motion.

Normally, any dismissal under local rule 7.4 would be without prejudice, assuming a second motion would be timely. Bratton, however, asks that the Court deny this motion with prejudice. While it is not clear whether he wants a summary ruling or one on the merits, the Court notes that the parties debate the merits of the federal claims and dispute who is the prevailing party on the federal claims.

It most likely would have been, and will be, futile for the City to request Bratton to pay $15,752.13 as defense fees and costs. The Court should not require the doing of a futile act. See Ohio v. Roberts, 448 U.S. 56, 74 (1980), overruled on other grounds, Crawford v. Washington, 124 S.Ct. 1354, 1373 (2004). That the City did not request Bratton's concurrence to its fees and costs request does not, under the circumstances, warrant a dismissal with prejudice. And because a dismissal without prejudice would put the parties to further expense to present this issue again to the Court, the Court will proceed to decide this motion on its merits.

### III.    **BRATTON IS NOT THE PREVAILING PARTY ON ALL FEDERAL CLAIMS.**

Contrary to the City's assertion, the Court did not suggest that Bratton dismiss all of his federal claims. Instead, after reading his briefs, the Court asked Bratton whether he wanted to dismiss his federal claims. He stated he did. Accordingly, on Bratton's motion, the Court dismissed his federal claims.

The City contends that the Court took the initiative for this dismissal. The Court, however, only noticed Bratton's ambivalence about pursuing his federal claims and asked him whether he

wanted to pursue them. Bratton's motion to dismiss his own claims came from him.

The City contends that, because the Court entered a final judgment on all the federal claims in the City's favor, it prevailed on the merits of all federal claims. See Hanrahan v. Hampton, 446 U.S. at 758. The dismissal in this case, however, was not a judicial determination on the merits because Bratton voluntarily moved for dismissal. A defendant is not a prevailing party within the meaning of § 1988 when a civil rights plaintiff voluntarily dismisses his claim.

The exception that the Eighth Circuit recognized in Marquat v. Lodge 837 -- where the plaintiff dismissed the suit to avoid an adverse judicial determination – is not applicable here. The Court, in its opening remarks about the issue and in its questions to Bratton about his desire to litigate in federal court, was careful not to indicate its views on the merits of Bratton's claims. The Court merely indicated that, if Bratton dismissed his federal claim, the Court would probably remand the state claims to state court. The most likely reading of Bratton's intentions are that he made a strategic decision to litigate in state court, where he had filed his claims originally, rather than that he dismissed them voluntarily to avoid a judicial determination. It would be difficult for the City to establish that Bratton dismissed his federal claims in anticipation of a dismissal by the Court because the Court never decided those issues. In any case, the City neither seeks to invoke this exception or offer evidence in support of it. The Court's review of the record suggests that Bratton voluntarily dismissed his federal claim so that he could litigate his state claim in state court.

**IV. THE COURT WILL NOT DETERMINE CLAIMS THAT THE PLAINTIFF DISMISSED.**

The parties spent much of their briefing arguing about the merits of the federal claims. The Court has not ruled on the merits of Bratton's federal claims. The Court will not now decide those

issues, as the claims were withdrawn.  For the Court to decide whether the claims were frivolous would, implicitly, require the Court to decide withdrawn claims.  The Court will not do so.

**IT IS ORDERED** that the Defendant's motion for fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE

Ronald R. Bratton
Albuquerque, New Mexico

*Plaintiff Pro Se*

Stephen G. French
Robyn Hoffman
French & Associates, P.C.
Albuquerque, New Mexico

 – and –

Christina E. Anaya
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant*